UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THE ANNUITY, PENSION, WELFARE and APPRENTICESHIP
SKILL IMPROVEMENT AND SAFETY FUNDS of the
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL 137, 137A, 137B, 137C & 137R, AFL-CIO, by its
TRUSTEES EDWARD KELLY, JEFFREY LOUGHLIN,
PETER PATERNO, ROSS PEPE, NICHOLAS SIGNORELLI
and NICHOLAS SIGNORELLI, JR., and JOHN and JANE DOE,      **COMPLAINT**
as Beneficiaries of the ANNUITY, PENSION, WELFARE and
APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY               07-CIV-
FUNDS of the INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 137, 137A, 137B, 137C & 137R, AFL-CIO,

             Plaintiffs,

  -against-                                      **07 CIV. 9907**

CENTRAL SITE DEVELOPMENT CORP.,
             Defendant.                     **JUDGE ROBINSON**
-----------------------------------------------------------------X

  Plaintiffs, by their attorneys, BRADY McGUIRE & STEINBERG, P.C., for their Complaint, respectfully allege:

  1.  This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") to recover delinquent contributions owed to employee fringe benefit trust funds.

## JURISDICTION

  2.  The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

  3.  Venue is properly laid in the Southern District of New York pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that, as shown below, the ANNUITY, PENSION, WELFARE and APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS

of the INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 137, 137A, 137B, 137C & 137R, AFL-CIO ("LOCAL 137") are administered in the County of Westchester, State of New York at 1360 Pleasantville Road, Briarcliff Manor, New York 10510.

## THE PARTIES

4. The LOCAL 137 ANNUITY, PENSION, WELFARE and APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY FUNDS (hereinafter collectively referred to as the "LOCAL 137 TRUST FUNDS") are joint trustee funds established by various trust indentures pursuant to Section 302 of the Labor Management Relations Act, 29 U.S.C. § 186. The Trustees of the LOCAL 137 TRUST FUNDS maintain the subject plans at offices located at 1360 Pleasantville Road, Briarcliff Manor, New York.

5. EDWARD KELLY, JEFFREY LOUGHLIN, PETER PATERNO, ROSS PEPE, NICHOLAS SIGNORELLI and NICHOLAS SIGNORELLI, JR. are Trustees of the LOCAL 137 ANNUITY, PENSION, WELFARE and APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY FUNDS and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. The LOCAL 137 ANNUITY and PENSION FUNDS are employee pension benefit plans within the meaning of Section 3(2) of the ERISA, as amended, 29 U.S.C. § 1002(2), established for the purpose of providing retirement income to employees.

7. The LOCAL 137 WELFARE and APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY FUNDS, are employee welfare benefit plans within the meaning of Section 3(1) of ERISA, 29, U.S.C. §1002(1), established for the purpose of providing medical and other benefits to the employees of contributing employers.

8. JOHN and JANE DOE are beneficiaries of the LOCAL 137 TRUST FUNDS within the meaning of Section 3(8) of ERISA, 29 U.S.C. § 1002(8).

9.  The LOCAL 137 TRUST FUNDS constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and (37).

10. Upon information and belief, Defendant, CENTRAL SITE DEVELOPMENT CORP. ("CENTRAL SITE") was and still is a New York corporation, with its principal place of business located at 89 Edison Avenue, Mt. Vernon, New York 10550.

11. Upon information and belief, CENTRAL SITE was and still is a foreign corporation duly licensed to do business in the State of New York.

12. Upon information and belief, CENTRAL SITE was and still is a foreign corporation doing business in the State of New York.

13. Upon information and belief, Defendant, CENTRAL SITE is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## AS AND FOR A FIRST CAUSE OF ACTION

14. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 13 inclusive, with the same force and effect as though more fully set forth at length herein.

15. At all relevant times, CENTRAL SITE agreed to be bound by the terms and conditions of a collective bargaining agreement with LOCAL 137 known as the "Engineering Heavy & Highway Agreement" dated September 19, 2005 (hereinafter referred to as the "Collective Bargaining Agreement").

16. LOCAL 137 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152 et seq., having its principal office for the transaction of business at 1360 Pleasantville Road, Briarcliff Manor, New York.

17. Upon information and belief, CENTRAL SITE has failed to make the contractually required fringe benefit contributions to the LOCAL 137 TRUST FUNDS for the

period of November 1, 2005 through August 31, 2006 in the amount of $13,075.55 in violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

18. Despite repeated efforts by the LOCAL 137 TRUST FUNDS to collect the contributions owed, CENTRAL SITE remains delinquent in making the proper contributions and has failed to pay any of the outstanding contributions owed to the LOCAL 137 TRUST FUNDS as detailed above.

19. Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Funds' Plan Documents, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) statutory damages; (d) reasonable attorneys' fees; and (e) the costs and disbursements of the action.

20. Accordingly, as a direct and proximate result of CENTRAL SITE'S defaults, omissions and breaches of the Collective Bargaining Agreement and Section 515 of ERISA, Defendant CENTRAL SITE is liable to the Plaintiffs in the amount of no less than $13,075.55 along with potentially additional contributions, together with accumulated interest on the unpaid and/or untimely paid principal amount due and owing, statutory damages, reasonable attorneys' fees, and the costs and disbursements incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

## AS AND FOR A SECOND CAUSE OF ACTION

21. The Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 20 inclusive with the same force and effect as though more fully set forth at length herein.

22. Under the terms of the Collective Bargaining Agreement and ERISA, an employer is required to make payments to the LOCAL 137 TRUST FUNDS based upon an agreed sum or percentage for each employee hour of its hourly payroll worked or wages paid, and to report such employee hours and wages to the LOCAL 137 TRUST FUNDS.

23. Under the terms of the LOCAL 137 TRUST FUNDS' Agreements, State law and ERISA, Plaintiffs are entitled to audit CENTRAL SITE'S books and records.

24. Upon information and belief, Defendant CENTRAL SITE may have underreported the number of employees, the amount of employee hours and wages paid to its employers and the contributions due.

25. Plaintiffs therefore demand and audit of CENTRAL SITE'S books and records.

**WHEREFORE,** Plaintiffs demand judgment on the First Cause of Action as follows:

1. Of Defendant CENTRAL SITE DEVELOPMENT CORP. in the amount of contributions determined to be due and owing to the LOCAL 137 TRUST FUNDS of $13,075.55, plus any additional monies that may be determined to become justly due and owing to the LOCAL 137 TRUST FUNDS during the pendency of this action and before final judgment, together with:

   a. Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by Defendants, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

  b. Statutory damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

  c. Attorneys' fees, costs and disbursements in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

  d. Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE,** Plaintiffs demand judgment on the Second Cause of Action as follows:

  1. An order requiring Defendant CENTRAL SITE DEVELOPMENT CORP. to submit all books and records to Plaintiffs for audit at its cost in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E); and

  2. Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

Dated: Hastings-on-Hudson, New York
    November 8, 2007

          Yours, etc.

          BRADY McGUIRE & STEINBERG, P.C.

By: James M. Steinberg (JS-3515)
   Attorneys for Plaintiffs
   603 Warburton Avenue
   Hastings-on-Hudson, New York 10706
   (914) 478-4293